IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

J.G. FINLEY                                                                  PLAINTIFF

v.                              Civil No. 6:17-CV-06005

SHERIFF MIKE MCCORMICK, *et. al.*                                DEFENDANTS

## **ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey two Court Orders and to prosecute this case.

## **I. BACKGROUND**

Plaintiff filed a change of address notice on June 22, 2017. (ECF No. 25). Thereafter, the Court entered an Order directing Plaintiff to complete an IFP application reflecting his free-world status, or pay the remainder of his filing fee, by October 19, 2017. (ECF No. 30). Plaintiff was advised that failure to comply with the Order by the deadline would result in the dismissal of his case. The Order was not returned as undeliverable. Plaintiff did not respond.

Defendants filed a Motion for Summary Judgment on January 26, 2018. (ECF No. 34). On March 2, 2018, the Court entered an Order (ECF No. 38) directing Plaintiff to file a Response to the Summary Judgment Motion by March 23, 2018. Plaintiff was advised in this Order that failure to timely and properly comply with the Order would result in Defendants' Statement of Facts being admitted or in the dismissal of his case. The Order was not returned as undeliverable. Plaintiff again failed to comply with the Court's Order and did not respond.

Plaintiff has not communicated with the Court since August 7, 2017. (ECF No. 27).

1

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 26th day of April 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE